IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JALEN RANDOLPH,

    Plaintiff,

    v.

CHEXSYSTEMS, INC.,

    Defendant.

Civil Action 2:23-cv-2870
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Defendant filed its Notice of Removal from the Franklin County Municipal Court on September 7, 2023. (ECF No. 1.) By Notice dated September 11, 2023, the Court scheduled a Preliminary Pretrial Conference for October 11, 2023. (ECF No. 5.) On September 13, 2023, Defendant filed a motion to dismiss. (ECF No. 6.) On October 4, 2023, Defendant filed a proposed Rule 26(f) Report explaining that Plaintiff did not participate in the required conference despite Defendant's multiple attempts to contact Plaintiff. (ECF No. 7.) By Notice dated October 5, 2023, the Court reconfirmed that the Preliminary Pretrial Conference would be held as scheduled. (ECF No. 8.)

Plaintiff, who is proceeding *pro se*, did not respond to the motion to dismiss and the time for doing so now has passed. Further, Plaintiff did not appear for the Preliminary Pretrial Conference as scheduled or otherwise inform the Court of his availability. Accordingly, on October 11, 2023, the Court, noting Plaintiff's repeated failures to respond or participate, directed Plaintiff to show cause by October 25, 2023, why the Court should not dismiss this case for failure to prosecute. (ECF No. 9.) The Court advised Plaintiff that failure to respond to the

Show Cause Order would result in the dismissal of his case for failure to prosecute. (*Id.*) To date, Plaintiff has not responded to the Court's Show Cause Order.[1]

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action pursuant to Federal Rule of Civil Procedure Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted).

In its Show Cause Order issued on October 11, 2023, the Court expressly cautioned Plaintiff that failure to comply with the Order would result in dismissal for failure to prosecute. (ECF No. 9.) *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's consistent lack of response or participation in this case, including his failure to

---

[1] The Clerk of Court mailed a copy of the Show Cause Order to the Plaintiff at the address noted by Plaintiff on his municipal court filings. (ECF No. 9.) None of the Court's mailings to Plaintiff have been returned as undeliverable.

respond to the Court's Show Cause Order. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). However, given the Court's substantial discretion regarding decisions to dismiss for failure prosecute, the Court recommends the more lenient sanction of dismissal without prejudice.

It is therefore **RECOMMENDED** that the Court **DISMISS WITHOUT PREJUDICE** Plaintiff's claims against Defendant under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**Date: October 31, 2023**              /s/ *Elizabeth A. Preston Deavers*
                                                                        **ELIZABETH A. PRESTON DEAVERS**
                                                                         **UNITED STATES MAGISTRATE JUDGE**